**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 10 2017**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-30934 |
| | ) | |
| Mark Eric Lugibihl, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## MEMORANDUM OF DECISION AND ORDER

This matter comes before the Court upon the Motion of the United States Trustee to Dismiss for Abuse Pursuant to 11 U.S.C. § 707(b)(1), (b)(2), & (b)(3), ("Motion to Dismiss") [Doc.# 14 ] and Debtor's objection [Doc. # 18]. A hearing was held that Debtor, his counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties had the opportunity to present testimony and evidence in support of their positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northen District of Ohio. Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(A).

Having considered the arguments of counsel as well as testimony and evidence offered by the parties, for the reasons that follow, the court will grant the UST's Motion and Dismiss unless Debtor

converts the case to Chapter 13.

## BACKGROUND

Debtor is single with no dependents and is employed at Kay Jewelers, where he has worked for four years earning an hourly wage plus commissions. He filed his Chapter 7 petition on March 31, 2017. Debtor's petition states that his debts are primarily consumer debts. His amended bankruptcy Schedule I shows gross monthly income of $3,924.52 and total monthly income after payroll deductions in the amount of $2,578.52. [UST Ex. 6, pp. 1-2]. Debtor's amended Schedule J shows total monthly expenses in the amount of $3,043.05, with a resulting budget deficit of $464.53. [*Id.* at 4].

As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Debtor also completed and filed an Official Form 122A, Statement of Current Monthly Income and Means Test Calculation. [UST Ex. 4].[1] On Form 122A, he reports total current monthly income in the amount of $3,924.52. [*Id.* at 1]. On an annualized basis, Debtor's current monthly income as reported on Form 122A-1 is $47,094.24, which is above the median family income for a family of one in Ohio. [Doc. # 17-4, p. 2]. Part 2 of Debtor's means test calculation includes deductions for expenses totaling $3,923.43. [UST Ex. 4, pp. 2-8]. Part 3 thus shows Debtor's monthly disposable income on line 39c as $1.09 ($3,924.52 minus $3,923.43), and he indicates that a presumption of abuse does not arise under § 707(b)(2). [*Id.* at 8].

The UST disagrees and argues that Debtor's means test contains several errors. Specifically, the UST contends that Debtor's current monthly income is understated due to a miscalculation of Debtor's income. The UST calculates Debtor's current monthly income to be $4,263.96 based on his gross pay for pay periods ending on August 27, 2016, through February 11, 2017, which constitutes the gross pay received by Debtor in the months of September 2016 through February 2017. [*See* UST Ex. 3]. In addition, bankruptcy analyst Timothy Dugic testified that Debtor is entitled to expense deductions in the total amount of $74.68 that are not otherwise shown on his amended Form 122A and that include an additional $7.84 tax deduction on line 16, a life insurance deduction of $3.04 on line 18, a telephone and telephone services deduction of $40.00 on line 23, an additional $1.00 mortgage deduction on line 33a, and a deduction for a monthly administrative expense if he was filing under Chapter 13 in the amount of $22.80. According to the UST, if properly calculated with these modifications, the means test shows that there is a presumption of abuse.

---

[1] Exhibit 4 is Debtor's amended Official Form 122A, which he filed with his amended Schedules I and J.

2

Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtor's financial situation demonstrates abuse, because the court agrees that a presumption of abuse arises in this case, it does not address the § 707(b)(3) argument.

## LAW AND ANALYSIS

Where debts are primarily consumer debts, as in this case, the court may, after notice and a hearing dismiss a Chapter 7 case "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). Under § 707(b)(2) and (3), Congress provided two methods by which abuse may be proven. Section 707(b)(2)(A) sets forth an objective and extensive "means test" calculation to determine whether there is a presumption of abuse. That section provides, in relevant part, as follows:

> [T]he court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>> (I) 25 percent of the debtors nonpriority unsecured claims in the case, or $7,700 whichever is greater; or
>> (II) $12,850.

11 U.S.C. § 707(b)(2)(A)(i). The means test calculation thus requires a debtor to subtract certain allowed deductions from the debtor's current monthly income. Where the means test calculation results in sufficient disposable income such that a presumption of an abusive filing arises under the statute, a debtor may rebut that presumption only by demonstrating "special circumstances" as set forth in § 707(b)(2)(B). In order to establish special circumstances, a debtor is required to itemize and provide documentation for each additional expense or adjustment of income and provide a detailed explanation of the circumstances that make the additional expenses or adjustment of income necessary and reasonable. 11 U.S.C. § 707(b)(2)(B)(ii).

At issue here is the proper calculation of Debtor's current monthly income. Debtor asks the court to calculate current monthly income based on gross income during the sixty days preceding the filing of his bankruptcy petition, which, according to Debtor, results in current monthly income of $3,924.52. However, "current monthly income" is a defined term under the Bankruptcy Code. *See* 11 U.S.C. § 101(10A). It is defined to mean "the average monthly income from all sources that the debtor receives. . .without regard to whether such income is taxable income, derived during the 6-month period ending on the last day of the calender month immediately preceding the date of the commencement of the case. . . ." 11 U.S.C. § 101(10A)(A).

The UST calculates Debtor's current monthly income based on gross pay received by Debtor in the

3

months of September 2016 through February 2017. As Debtor's bankruptcy petition was filed on March 31, 2017, the UST's calculation based on income received during the six months preceding March 2017 constitutes the calculation contemplated by § 101(10A)(A). The court has no authority to deviate from this statutory calculation absent special circumstances making an adjustment of current monthly income, calculated as set forth § 101(10A), necessary and reasonable. *Cf. Law v. Siegel,* 134 S. Ct. 1188, 1194, (2014) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." ).

Debtor's current monthly income, as properly calculated by the UST, is $4,263.96. Debtor's total deductions for expenses reported on his Form 122A is $3,923.43. However, the court credits Dugic's testimony that Debtor is also entitled to additional deductions totaling $74.68. With this adjustment, Debtor's deductions total $3,998.11. This amount subtracted from Debtor's current monthly income as calculated by the UST, results in monthly disposable income of $265.85 or $15,951.00 over a sixty-month period. Thus, a presumption of abuse arises. Debtor has demonstrated no special circumstances rebutting that presumption.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor is allowed thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case, absent which the United States Trustee's Motion to Dismiss [Doc. # 14] will be granted.

###